UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS GUO ZHANG,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>SAKS INCORPORATED,<br><br>　　　　Defendant.<br>_____/ | No. C-09-4447 EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND; AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**(Docket Nos. 4, 9)** |

　　　Plaintiff Chris Guo Jie Zhang has filed suit against Defendant Saks Inc. for various state law claims – more specifically, false arrest, false imprisonment, battery, conversion, trespass to chattels, defamation, violation of California Civil Code § 52.1, invasion of privacy, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent supervision. This suit was originally filed in state court. Defendant Saks Incorporated then removed the case and filed the currently pending motion to dismiss. Mr. Zhang has opposed the motion and further has moved for a remand to state court.

　　　Having considered the parties' briefs and accompanying submissions, the oral argument of counsel, Saks's stipulation filed on December 9, 2009, and all other evidence of record, the Court hereby **DENIES** Mr. Zhang's motion to remand. The Court also **GRANTS** in part and **DENIES** in part Saks's motion to dismiss.

## I. FACTUAL & PROCEDURAL BACKGROUND

Mr. Zhang initiated this lawsuit in state court on June 1, 2009. *See* Docket No. 1 (Not. of Removal, Ex. A) (original complaint). Several weeks later, on June 23, 2009, Mr. Zhang filed an amended complaint. In the amended complaint, he alleges as follows.

On or about May 30, 2008, Mr. Zhang went to the Saks store in San Francisco to exchange merchandise that his sister had bought there. Because the store was closing, he was not able to do the exchange. As Mr. Zhang was exiting the store, security guards grabbed him, pushed him back into the store, forced him to the basement of the store, and handcuffed him. The guards accused Mr. Zhang of shoplifting and detained him in the security office for a significant amount of time. The guards also searched Mr. Zhang without his consent. Eventually, the San Francisco police arrived, having been summoned by the guards, and Mr. Zhang was taken into custody. He was held in jail for four days. The charges against him were eventually dismissed. *See* FAC at 4.

## II. DISCUSSION

A.  Plaintiff's Motion to Remand

    1.  Jurisdictional Defects in Notice of Removal

In his motion to remand, Mr. Zhang argues that the removal to federal court based on diversity jurisdiction was improper because Saks has only alleged that he is a resident of California, not a citizen, *see* Not. of Removal ¶ 4, and because Saks has not adequately demonstrated its own citizenship, claiming on information and belief only that its principal place of business is New York. In its opposition, "Saks concedes these two technical defects in the removal papers," Opp'n at 2, but asks for leave to amend the removal papers to cure the defects – *e.g.*, it will allege its principal place of business outside of California not on information and belief. *See also* Hurley Decl. ¶ 3. Saks further asks for leave to conduct discovery relating to Mr. Zhang's citizenship.

Saks is hereby given leave to amend pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Ninth Circuit has specifically that a removing party may "cure[] its defective allegations regarding citizenship by amending its notice of removal" pursuant to that statute. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001); *see also ARCO Envtl. Remediation,*

*L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (acknowledging that a notice of removal "'cannot be amended to add a *separate* basis for removal jurisdiction after the thirty day period'" but noting that "a defendant may amend the Notice of Removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction'" pursuant to § 1653) (emphasis added). The authority cited by Mr. Zhang in his brief fails to take into account § 1653.

As to whether Saks should be permitted to conduct discovery into the citizenship of Mr. Zhang, that is a moot point since Mr. Zhang conceded at the hearing on the parties' motions that he is a citizen of California.

2.    Plaintiff's Request to Join Nondiverse Defendant

Mr. Zhang argues that, even if the jurisdictional defects in the notice of removal are capable of being cured, remand is still appropriate because he now wishes to join a new defendant in the case who would destroy diversity jurisdiction. That new defendant is Maria Palacios, the security guard who arrested Mr. Zhang.

The parties agree that whether or not the joinder should be permitted is governed by 28 U.S.C. § 1447(e). That statute provides as follows: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

> Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); *see also* 16-107 Moore's Fed. Prac. – Civ. § 107.41 (discussing factors). Each of these factors is discussed briefly below.

3

a. Rule 19

Some courts have held that it is not necessary to conduct a Rule 19 analysis because, with § 1447(e), "Congress intended district courts to have a choice between the options available under § 1447(e) and Rule 19." *Cross v. Kellwood Retail Group*, No. C 08-5075 PJH, 2009 U.S. Dist. LEXIS 10065, at *15 (N.D. Cal. Feb. 3, 2009) (adding that whether a contemplated defendant is an indispensable party under Rule 19 "is not a deciding factor in the analysis). Although arguably not necessary, a Rule 19 analysis is helpful in the instant case.

In his papers, Mr. Zhang contends that Ms. Palacios is a necessary party by virtue of having been involved in the arrest of Mr. Zhang.

> A necessary party is one "having an interest in the controversy, and who ought to be made [a] party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." This standard is met when failure to join will lead to separate and redundant actions.

*IBC*, 125 F. Supp. 2d at 1011. Mr. Zhang adds that, even if Ms. Palacios were not a necessary party under Rule 19, § 1447(e) provides "a less restrictive standard . . . for joinder . . . . Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012 (noting that contemplated defendant who "was the principal person responsible for the acts underlying [plaintiff's] claim against Mexicana and AeroMexpress" bore "more than a tangential relationship to the cause of action").

The Court agrees with Mr. Zhang that Ms. Palacios is more than tangentially involved given the assertion that she was responsible for his arrest. Even so, the ultimate question is whether Ms. Palacios's presence is needed in order for the Court to do complete justice. On December 9, 2009, Saks filed a stipulation in which it made two significant concessions: (1) that Ms. Palacios was acting in the course and scope of her employment with Saks and (2) that, if a finder of fact determined there was clear and convincing evidence that Ms. Palacios had acted with oppression, fraud, or malice, *see* Cal. Civ. Code § 3294(a), then Saks would accept liability for any award of

4

punitive damages based on the actions of Ms. Palacios without the need for a further showing under California Civil Code § 3294(b).[1]

Mr. Zhang had an opportunity to submit a brief in response to Saks's stipulation but did not do so. Given Saks's stipulation, as well as Mr. Zhang's failure to respond, the Court concludes that the stipulation renders Ms. Palacios's presence in this litigation unnecessary. The first stipulation establishes a basis for vicarious liability. The second stipulation ensures that any finding by a trier of fact that Ms. Palacios is liable for punitive damages will be paid for by Saks. The Court notes that, as it reads the second stipulation, Mr. Zhang is not barred from arguing that Saks is directly liable for punitive damages based on its own conduct, as opposed to Ms. Palacios's.

Thus, this factor weighs against a remand.

### b.  Statute of Limitations

As Mr. Zhang points out, and as Saks concedes, there is a one-year statute of limitations for a claim of false imprisonment. *See* Cal. Code Civ. Proc. § 340(c) (providing for a one-year statute of limitations for, *inter alia*, "[a]n action for libel, slander, false imprisonment"). In the instant case, the alleged incident took place on or about May 30, 2008. Therefore, Mr. Zhang had to file suit within a year. Mr. Zhang just made the limitations period, filing suit on June 1, 2009. If Mr. Zhang had to file an independent lawsuit for false imprisonment against Ms. Palacios in state court, then he would likely be barred by the statute of limitations since there does not appear to be any basis for equitable tolling.

---

[1] Section 3294(b) provides that

> [a]n employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

Cal. Civ. Code § 3294(b).

However, as Saks points out, Mr. Zhang has pled claims other than one for false imprisonment and that these claims have longer limitations periods. *See* Cal. Code Civ. Proc. § 335.1 (providing for a two-year statute of limitations for "[a]n action for assault, battery, or injury to, or for the death of, an individual caused by the wrongful act or neglect of another"). These claims are basically predicated on the same facts underlying the claim for false imprisonment. Therefore, if joinder were denied, Mr. Zhang would not be barred from bringing suit against Ms. Palacios on at least some claims.

Accordingly, this factor is either neutral or weighs somewhat against a remand.

### c.   Delay

As noted above, Mr. Zhang initiated this lawsuit in state court on June 1, 2009, and at that time did not include Ms. Palacios as a defendant. Approximately three weeks later, on June 23, 2009, Mr. Zhang filed an amended complaint but again did not name Ms. Palacios as a defendant. The amended complaint was served on Saks in late August 2009 and, then, on September 22, 2009, Saks removed the case to federal court. Mr. Zhang filed his motion to remand several weeks later on October 14, 2009. This was the first time that Mr. Zhang asked for leave to amend to join Ms. Palacios as a defendant in the litigation. In sum, Mr. Zhang waited approximately four and a half months to add Ms. Palacios to the lawsuit.

In his papers, Mr. Zhang acknowledges that he has delayed in adding Ms. Palacios to the lawsuit. Mr. Zhang argues, however, that the delay is justified. According to Mr. Zhang, he did not meet with counsel until May 31, 2009 – *i.e.*, the day before his complaint had to be filed to comply with the statute of limitations for the false imprisonment claim. Given this circumstance, at the time of filing, his attorneys had not had the opportunity to perform an investigation or review information related to the alleged incident.

While Mr. Zhang has provided a legitimate reason for not including Ms. Palacios at the time that he filed his complaint, he has not adequately addressed why he could not have named her as a defendant in the amended complaint that he filed on June 23, 2009. By this time, his attorneys had time to do at least a minimal investigation. Saks points out that Ms. Palacios's identity should have

been easily discoverable because her name appears on, *e.g.*, the police report to which Mr. Zhang had access after his arrest.

Mr. Zhang suggests that an additional reason for not adding Ms. Palacios to the case was because Saks had contacted him on June 9, 2009, expressing an interest in resolving the matter. While this argument is not without some merit, again, the problem for Mr. Zhang is that he thereafter amended the complaint (on June 23, 2009) and still did not name Ms. Palacios as a defendant.

In sum, based on the record before the Court, Mr. Zhang's explanation for the delay does not seem justified. On the other hand, it should be noted that the delay here was minimal – only four and a half months. An even smaller period of time – less than two months – is at issue if the Court considers only the time that elapsed between the date that Saks was served and the date that Mr. Zhang filed his motion to remand. Furthermore, once Saks removed, it took Mr. Zhang only three weeks to seek to add Ms. Palacios. In short, this is not a situation comparable to that in *Lopez v. General Motors Corp.*, 697 F.2d 1328 (9th Cir. 1983), where the Ninth Circuit held that a delay of six months after removal and just four days prior to the hearing on a motion for summary judgment was "too late" for the plaintiff to move to amend the complaint to add new parties and remand. *Id.* at 1332. Even so, as noted above, the length of the delay has not been justified.

Accordingly, this factor weighs only marginally in favor of Saks. *See Oettinger v. Home Depot*, No. C 09-01560 CW, 2009 U.S. Dist. LEXIS 64786 (N.D. Cal. July 15, 2009) (acknowledging that plaintiff had failed to explain why new defendant was not named in the original complaint but noting that a ten-week delay between the initiation of the lawsuit and the motion for leave to amend was "not a significant delay" and "so this factor is given little weight").

d.  Motive

Saks argues that the joinder sought by Mr. Zhang is intended solely or primarily to defeat federal jurisdiction as evidenced by the fact that he did not seek to add Ms. Palacios to the case until after Saks had removed the case. *Clinco v. Roberts*, 41 F. Supp. 2d 1080 (C.D. Cal. 1999), supports Saks's argument. There, the court suspected that the plaintiff had joined the new defendants in an effort to defeat federal jurisdiction because the plaintiff was aware of the removal and filed an

7

amended complaint that was substantially similar to the original complaint with some minor changes. *See id.* at 1083 & n.2.

Of course, in *Clinco*, the court noted that not only was there the possibility of an improper motive based on the timing but also the validity of the claims against the new defendant was weak. *See Clinco*, 41 F. Supp. 2d at 1083-86 (discussing weakness of claims). Similarly, in *Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112 (N.D. Cal. 2006), the court questioned the plaintiff's motive not only because of the suspicious timing but also because of plaintiff's "demonstrated indifference in determining the factual foundation and plausibility of her claims against [the new defendants]" and her failure to explain why she waited to add the new defendants – an especially glaring omission since she had known of the underlying facts involving the new defendants for a long time. *Id.* at 1120. In contrast, in *IBC*, the court declined to attribute improper motive to the plaintiff "simply because [it] seeks to add a non-diverse defendant post-removal"; rather, given the important role of the new defendant in the underlying events, the court concluded that the plaintiff's desire to add the new defendant was reasonable and justifiable. *Id.* at 1012.

In the instant case, the Court cannot say for certain whether or not Mr. Zhang's preference for a state forum was the sole or even primary reason for the desired joinder of Ms. Palacios. However, it is likely that this preference played into Mr. Zhang's decision to join Ms. Palacios. As discussed above, Mr. Zhang had several months to amend his complaint to add Ms. Palacios to the complaint but never did so until *after* Saks filed the notice of removal to federal court. Mr. Zhang's failure to provide an entirely satisfactory reason for his delay in adding Ms. Palacios to the case is problematic. *See Bakshi v. Bayer Healthcare*, LLC, No. C07-00881 CW, 2007 U.S. Dist. LEXIS 33801, at *13-14 (N.D. Cal. Apr. 26, 2007) (noting that "[s]everal factors weigh in favor of granting Plaintiff's motion for leave to amend the complaint" but ultimately denying leave to amend because "Plaintiff did not explain the delay in attempting to add Glover as a defendant and his primary motive appears to be to destroy diversity jurisdiction").

Accordingly, this factor weighs against a remand.

e.  Validity of Claims

In its papers, Saks concedes that Mr. Zhang "can state a legal claim against [Ms.] Palacios." Opp'n at 7. Therefore, this factor weighs in favor of a remand.

f.  Prejudice

This final factor weighs in Saks's favor. Because of the concessions made by Mr. Zhang, he has failed to show how he would be prejudiced if his request for joinder were denied.

g.  Summary

Taking into account the above factors, the Court finds that they largely weigh against a remand. Most importantly, in view of Saks's stipulation, Mr. Zhang can obtain full relief without naming Ms. Palacios. The Court therefore denies Mr. Zhang's request that he be permitted to add Ms. Palacios as a defendant to the case.

B.  Defendant's Motion to Dismiss

Because the Court is not remanding the case to state court, it must address Saks's motion to dismiss. In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all well-pled allegations in the complaint and view them in the light most favorable to the plaintiff. *See Moss v. United States Secret Serv.*, 572 F.3d 962, 967-68 (9th Cir. 2009). For a complaint to survive a motion to dismiss, the nonconclusory factual content of the complaint (plus reasonable inferences from that content) and that of the documents which a court may consider must plausibly suggest a claim entitling the plaintiff to relief. *See id.* at 969.

> A claim has facial plausibility . . . when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

In the instant case, Saks moves to dismiss only two claims asserted in the amended complaint – *i.e.*, the false arrest claim and the defamation claim. *See* Reply at 3 (withdrawing motion with respect to claim for negligent infliction of emotional distress).

The Court denies the motion to dismiss with respect to the false arrest claim. Mr. Zhang has clarified that he pled separate causes of action for false arrest and for false imprisonment because there is different conduct underlying each claim.

However, the Court grants the motion with respect to the claim for defamation. As Saks argues, Mr. Zhang has failed to allege any facts showing facial plausibility – *i.e.*, to whom the defamatory statement were made other than the police. The Court, however, shall give Mr. Zhang an opportunity to amend his defamation claim with greater specificity if he can do so consistently with his and his counsel's obligations pursuant to Federal Rule of Civil Procedure 11.

### III.  CONCLUSION

For the foregoing reasons, Mr. Zhang's motion for remand is denied, and Saks's motion to dismiss is granted in part and denied in part. Mr. Zhang shall have twenty (20) days to amend his complaint in order to replead, if he so wishes, a claim for defamation. Saks shall have ten (10) days to amend its removal papers.

This order disposes of Docket Nos. 4 and 9.

IT IS SO ORDERED.

Dated: December 21, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge